UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DOROTHY GILLESPIE, an individual,

      Plaintiff

v.                                Civil Action No. 2:09-120

CUNA MUTUAL GROUP LONG TERM DISABILITY
INSURANCE POLICY, a Wisconsin Employee
Benefit Plan; CUNA MUTUAL INSURANCE
SOCIETY, a Wisconsin Corporation; and
DOES 1 through 10, inclusive,

      Defendants

MEMORANDUM OPINION AND ORDER

Pending is the motion to dismiss of defendant CUNA
Mutual Insurance Society ("CUNA"), filed April 13, 2009.

I.

CUNA seeks dismissal of the plaintiff's claim for ERISA
benefits on the ground that it is time barred.  According to the
complaint, the plaintiff became totally disabled on or about July
31, 2003.  (Compl. ¶ 11).  She applied for long term disability
benefits, which were denied on or about October 23, 2003.  (Id.
at ¶ 12).  After two appeals, her claim was denied for the final
time on or about January 18, 2006.  (Id. at ¶¶ 13-18).  She
instituted this action in federal court on February 10, 2009,

alleging in a single cause of action that she was wrongfully

denied benefits and that the decision to deny her benefits was

"arbitrary, illegal, capricious, unreasonable, discriminatory,

and not made in good faith."  (Id. at ¶¶ 23-28).

Attached to the plaintiff's complaint is a copy of the

summary plan description ("SPD").  (Id. Exhibit A).  The SPD

provides pertinently as follows:

2.3  LEGAL PROCEEDINGS

You or Your authorized representative cannot start
any legal action:
1.   Until 60 days after proof of claim[1] has
     been given; or
2.   More than three (3) years after the time
     proof of claim is required.

(SPD at § 2.3).  Proof of claim is required "no later than 90

days after the end of the Elimination Period."  (Id. at § 2.1).

The Elimination Period means "a period of [90] consecutive days

of Total Disability or Partial Disability for which You are under

the regular care and attendance of a Physician and for which no

benefit is payable."  (Id. at § 1).

The plaintiff was thus required to give proof of claim

---

[1]Proof of claim occurs when the plaintiff informs CUNA of
the date the disability started, the cause of the disability, the
degree of disability, and objective documentation of the
disability, including test results and office and treatment
notes.  (SPD at § 2.1).

no later than 180 days after her disability began on July 31,
2003.  Proof of claim was, accordingly, due by January 27, 2004.
Inasmuch as she instituted this action over four years later on
February 10, 2009, her claim was filed well after the three-year
contractual period of limitations set out in the policy had
expired.  The plaintiff, nonetheless, contends that her action
was timely filed because the contractual limitations period is
unenforceable and her action is subject to either a five or ten
year limitations period measured from the time her last appeal
was denied on January 18, 2006.


                              II.


          Federal Rule of Civil Procedure 8(a)(2) requires that a
pleader provide "a short and plain statement of the claim showing
. . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2).  Rule
12(b)(6) correspondingly permits a defendant to challenge a
complaint when it "fail[s] to state a claim upon which relief can
be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

          Application of the Rule 12(b)(6) standard requires that
the court "'accept as true all of the factual allegations
contained in the complaint . . . .'"  Erickson v. Pardus, 127 S.

Ct. 2197, 2200 (2007) (quoting <u>Twombly</u>, 127 S. Ct. at 1965); <u>see</u> <u>also</u> <u>South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co.</u>, 372 F.3d 245, 255 (4th Cir. 2004) (quoting <u>Franks v. Ross</u>, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).

A time limitations challenge constitutes an affirmative defense.  As such, the defense is often not appropriate for disposition under Rule 12(b)(6).  See <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007) (noting a Rule 12(b)(6) challenge, "which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred.").  An exception exists for the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint . . . ." <u>Id.</u>  The exception is strictly construed, requiring that all "facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" <u>Id.</u> (quoting <u>Richmond, Fredericksburg & Potomac R.R. v. Forst</u>, 4 F.3d 244, 250 (4th Cir. 1993)).

**4**

III.


The policy at issue is an employee welfare benefit plan, and so the action is governed by ERISA, 29 U.S.C. §§ 1001-1461.  ERISA provides no express statute of limitations, nor does it specify when the statute begins to run.  See 29 U.S.C. § 1132(a)(1)(B).  In such circumstances and absent a valid contractual provision in the plan documents governing limitations, courts borrow the state law limitations period applicable to claims most closely related to the federal cause of action.  White v. Sun Life Assurance Co. of Can., 488 F.3d 240, 245, 251 n.4 (4th Cir. 2007); Dameron v. Sinai Hosp. of Balt., Inc., 815 F.2d 975, 981-82 (4th Cir. 1987); see also Order of United Commercial Travelers v. Wolf, 331 U.S. 586, 608 (1947) (stating "it is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.").

Accrual of the statute of limitations is a federal question, with the general rule being that a cause of action

5

under ERISA for benefits does not accrue until a claim of benefits has been made and formally denied.  White, 488 F.3d at 245-46.  "This means that the statute of limitations begins to run at the moment when the plaintiff may seek judicial review, because ERISA plaintiffs must generally exhaust administrative remedies before seeking judicial review."  Id. at 246.

Inasmuch as the relevant plan documents contain a provision limiting the time for filing a civil action and setting the time of accrual of the action, the court begins with the terms of the plan.  As earlier noted, the SPD specifies that a claimant "cannot start any legal action . . . [m]ore than three (3) years after the time proof of claim is required."  (SPD at §2.3).  As also noted, proof of claim was required here by January 27, 2004.  Nearly identical plan language was considered by the Fourth Circuit Court of Appeals in White, where the court held that such a provision is unenforceable on the ground that "ERISA's remedies framework does not permit a plan to start the clock on a claimant's cause of action before the claimant may file suit."  White, 488 F.3d at 242.  Having found the policy language unenforceable, the court borrowed the statute of limitations from state law, choosing North Carolina's three-year limitations period for breach of contract claims.  Id. at 251 n.4

("In the absence of a valid contractual provision governing limitations, we borrow a limitations period from the laws of North Carolina," citing N.C. Gen. Stat. § 1-52(1)).

For the reason stated in White, the court similarly concludes that section 2.3 of the SPD, specifying a three year limitations period accruing from the time proof of claim is required, is unenforceable.  The court thus turns to the law of West Virginia for the applicable limitations period.

CUNA contends that the plaintiff's claim is barred by the three year statute of limitations contained in the portion of the West Virginia insurance code relating to group accident and sickness policies, West Virginia Code § 33-16-1 et seq., which incorporates by reference the following provision from West Virginia Code § 33-15-4:

> . . . each such policy delivered or issued for delivery to any person in this state shall contain the provisions specified in this section in the words in which the same appear in this section: . . .
>
> (k) A provision as follows:
>
> "Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy.  No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

W. Va. Code § 33-15-4(k).   The plaintiff counters that the

applicable statute of limitations is the one found in West

Virginia Code § 55-2-6, which sets a five or ten year statute of

limitations for actions for breach of contract.   For the reasons

stated <u>infra</u>, the court concludes that West Virginia Code § 55-2-

6 is the proper source from which to borrow the statute of

limitations under West Virginia law.

The language of West Virginia Code § 33-15-4 poses

precisely the same problem as is created by the language

contained in the SPD.   As Judge Wilkinson explained in <u>White</u>,

when the claim accrues and the clock starts running at the time

proof of claim is required rather than at the time when the

plaintiff has exhausted her administrative remedies, "[b]enefit

plans would have the incentive to delay the resolution of their

participants' claims, because every day the plan took for its

decision-making would be one day less that a claimant would have

to review the plan's final decision, decide whether to challenge

it in court, and prepare a civil action if need be."   <u>White</u>, 488

F.3d at 247-48.   "Indeed, a plan that did not reach a final

decision until after the statute of limitations had run would

deprive a participant of the right to file a civil claim at all."

<u>Id.</u> at 248.   Inasmuch as the incentive to delay that could result

8

from the application of the statute of limitations contained in West Virginia Code § 33-15-4 would undermine internal appeals processes as mechanisms for "full and fair review," see 29 U.S.C. § 1133(2), and undermine the civil right of action as a complement to internal review processes, the court concludes that West Virginia Code § 33-15-4 is not the source from which to borrow the statute of limitations.[2]

West Virginia's statute of limitations for general contract actions is a more appropriate choice. This conclusion is reinforced by the Fourth Circuit's decisions in White and Dameron, wherein the court selected the states' statutes of limitations for general contract cases as the applicable statute of limitations to claims for ERISA benefits arising in Maryland and North Carolina. See White, 488 F.3d at 251 n.4 (North Carolina, 3 years); Dameron, 815 F.2d at 981 (Maryland, 3 years). Although the North Carolina insurance provisions were not discussed by the court in White, North Carolina's statutes contain a provision similar to West Virginia Code § 33-15-4. See

---

[2]CUNA also cites the Fourth Circuit's unpublished per curiam opinion in Mirabile v. Life Insurance Company of North America, No. 07-1656, 2007 WL 4104208 (4th Cir. Aug. 21, 2008), to support its position. Mirabile is an unpublished opinion lacking precedential authority and is of little value to this analysis.

N.C. Gen. Stat. § 58-51-15(a)(11).  Maryland's statutes do not contain such a provision relating to group accident and sickness policies, but do contain one relating to health insurance.  <u>See</u> Md. Code Ann. § 15-217.

        For the reasons stated above, the court borrows the statute of limitations set forth in West Virginia Code § 55-2-6, which is five or ten years.  The plaintiff's claim accrued on January 18, 2006, when she received the final letter from CUNA upholding its denial of her claim for disability benefits.  She instituted her action on February 10, 2009, less than five years after the time that her claim accrued.  Her claim is, accordingly, not time barred.

                              IV.

        Based upon the foregoing, it is ORDERED that CUNA's motion to dismiss be, and it hereby is, denied.

        The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

                              DATED: March 18, 2010

                              _____
                              John T. Copenhaver, Jr.
                              United States District Judge

                    10